## JONES *v.* RIDER & a.

The holder of three promissory notes, made and payable in this state, with interest at the rate of six per cent. per annum, took from the maker a new note for the amount due upon the old notes, including interest computed at ten per cent. per annum, the new note being made and payable in this state. In a suit by the payee upon the new note, the principal should be reduced by a sum equal to the excess of interest computed upon the old notes above six per cent. per annum.

When the maker of a promissory note resides in this state, and the payee in a state where it is lawful to stipulate for a higher rate of interest than six per cent. per annum, the parties may stipulate for the rate of interest allowed in the latter state, if it is done in good faith, and not as a cover for usury.

A promissory note is presumed to be payable where dated, if no other place of payment is mentioned in the note.

ASSUMPSIT, on a promissory note for $4,060, dated at Boston, February 20, 1874, signed by the defendants, and payable to the order of the plaintiff on demand, with interest at ten per cent. annually, and upon which several payments have been endorsed. Facts found by a referee. In December, 1868, and January and April, 1869, the defendants, then and ever since residing at South Newmarket in this state, made and delivered their three promissory notes to Samuel Jones, who subsequently died, and the notes were endorsed by his executor to the plaintiff, then and ever since residing in Boston. The notes were made and payable in this state. May 20, 1870, interest was computed upon these notes, less certain endorsements, at ten per cent. per annum, and a new note given by the defendants to the plaintiff for $4,028.86, made and payable in this state. February 24, 1874, interest was computed upon the latter note, less certain endorsements, at ten per cent. per annum, and the note in suit given. The computation was made by the plaintiff, and the note in suit written by him in Boston, by agreement with the defendants, and sent to them at South Newmarket for their signatures. They signed the note at South Newmarket, and returned it by mail to the plaintiff at Boston.

The defendants contend that the contract was usurious; that no more than six per cent. interest should have been cast upon the notes given in 1868 and 1869; that the note given May 20, 1870, was too large by nearly $200, and should be reduced accordingly, and interest at six per cent. only be cast upon it; and that the note in suit is too large by nearly $800.

Damages are to be assessed according to the opinion of the court upon the foregoing facts.

*J. S. H. Frink*, for the plaintiff. I. The note in suit was written and dated at Boston, and delivered to the plaintiff there by mail, and will be deemed in law to be a note of that place. *Orcutt* v. *Hough*, 54 N. H. 472; *Townsend* v. *Riley*, 46 N. H. 311.

II. The maker resided in New Hampshire, and the payee in Boston. Even if this was a New Hampshire contract, still it was lawful for the parties to stipulate as to the place of payment, and for the rate of interest of either the place of contract or payment. *Townsend* v. *Riley*, supra, and cases there cited; *Senter* v. *Bowman*, 5 Heisk. 14. Their contract that it should bear the rate of interest lawful in Massachusetts was the legal right of the plaintiff, and was not an attempt to evade the usury laws of the state.

III. The note was delivered in Boston, and hence it did not become operative until received and accepted there. *Hiatt* v. *Griswold*, 5 Fed. Rep. 573; *Lawrence* v. *Bassett*, 5 Allen 140. The last case cited presents facts closely resembling those in the case at bar. As an authority, it is decisive of this part of the case; and it is entirely in harmony with the views presented upon a somewhat different state of facts in the cases referred to in our own state.

Whatever, then, should be the amount of the note in suit, interest should be cast upon it at the conventional rate of ten per cent.

IV. The next inquiry is, Should there be any reduction of the amount of the note in suit because interest was cast in excess of the statutory rate upon the original notes? The first renewal is of the date of May 20, 1870, and more than six years prior to the date of the plaintiff's writ. The giving and acceptance of the new notes was in effect a payment of the old ones, so far as the statute of limitations is concerned. The defendants cannot stand any better than if they had paid the notes with interest at ten per cent. Their right then would have been to bring a suit for money had and received, or for a forfeiture of three times the amount of usurious interest, under our laws. The right to correct the former rate is lost by the lapse of time. If they had brought suit, the plaintiff could have pleaded successfully the statute of limitations. It may be said that the new note is not a payment, and hence no right of action accrued until the usurious interest was paid. But we submit that the defendants had it in their power at any time within six years to protect themselves against this so-called oppression, by payment and suit to recover back any illegal interest, if the plaintiff denied them an abatement. There is every reason why the statute of limitations should apply to a claim of this character, that a settlement which the parties at the time deemed just and final may become legalized, and conflicting claims quieted.

*A. R. Hatch*, for the defendants. The debt, of which the note in suit is evidence, was contracted in this state, and the several notes described in the case have been merely renewals of the original promise. We may inquire, therefore, into the consideration for which this note was given, and deduct from the face of the note so much as appears not to be founded on good or lawful consideration. G. L., c. 220, s. 13; *Drew* v. *Towle*, 27 N. H. 424; *Daniell* v. *Sinclair*, 6 L. R. App. 181. A calculation of the first three notes, dated December 5, 1867, January 9, 1868, and April 22, 1868, will show that on May 20, 1870, there was lawfully due upon them the sum of $3,864.95, and no more. The note, therefore, of $4,028.86, dated May 20, 1870, was $163.11 too large. Cast interest upon this sum of $3,864.95 from May 20, 1870, to the date of the note in suit (deducting the payments endorsed on the note), and there will be found due, February 24, 1874, the date of the note in suit, $3,242.30, which sum the plaintiff is entitled to recover, with lawful interest, deducting subsequent payments. All the excess of the note in suit above $3,242.30 is plainly usurious, and to that extent the note is without lawful consideration. And the excess may be deducted in the action on this note. G. L., c. 232, s. 3. None of these notes have been given or accepted in payment of the preceding: each was simply a renewal: and the original debt has remained the same, except so far as it has been affected by interest and partial payments.

The statute of limitations has no application. It never has, unless pleaded (1 Chit. Pl. 479); and the plaintiff would be puzzled to frame a plea under that statute applicable to this case. But there is nothing in the reason of the statute which applies. The plaintiff seeks to recover a debt not due to him: the defendants avail themselves of the first opportunity to resist the demand. It is immaterial that the defendants have promised to pay the excess. Such a promise is without consideration; and it is against such promise that the statute of usury was designed to protect unfortunate debtors. A stronger illustration of the wisdom of that statute than this case affords could hardly be selected. On a debt contracted in the exuberant times of 1867, the debtor is, in 1874, allowed the alternative of promising to pay ten per cent. interest, or ruin. In many countries the whole debt would be forfeited by the attempt of the creditor to make such hard use of his advantage.

But it is said that the note in suit is to be regarded as made in Massachusetts, and that interest upon the amount found due on it is to be allowed according to the laws of that state. What the laws of Massachusetts are on this subject is a fact not found by the referee. It appears, however, that both the defendants resided in South Newmarket, and signed all the notes in this state. If the intention of the parties was to avoid the usury laws of this state, the device was plainly ineffectual. *Townsend* v. *Riley*, 46 N. H. 310. Upon the facts stated by the referee, this intention must be inferred (*ib.* 312). The note was not made in Boston in any stronger sense than if a printed blank had been sent from Boston for signature. It is not payable in Boston, either expressly or by implication. The negotiations in regard to it were in this state, in part, at least; and it being agreed that the defendants should sign the note and send it by mail to Boston, the delivery was complete when it was put into the mail at South Newmarket. *Currier* v. *Ins. Co.*, 53 N. H. 538, 545, 546. The control of the defendants over the note ceased at the posting in South Newmarket, and the right of the plaintiff to it there became perfect. The cases cited by the plaintiff on this point are not applicable: thus, in *Townsend* v. *Riley*, *supra*, the contract was made in New York, where the defendant resided, and where both parties then were. In *Lawrence* v. *Bassett*, *supra*, the note was delivered in Massachusetts, by the party to whom the money was advanced; but in the present case the debt was contracted in New Hampshire, and the note in suit was simply a renewal, with a device to obtain usury.

SMITH, J. The note in suit is dated in Boston, and is presumed to be payable where dated (2 Par. Cont. 585, *Tillotson* v. *Tillotson*, 34 Conn. 335, and *Chase* v. *Dow*, 47 N. H. 405), and the contract is governed by the laws of Massachusetts. The referee has not found as a fact that it is unlawful in Massachusetts to stipulate for interest at the rate of ten per cent. per annum. The unlawfulness

cannot be presumed.   The defendants having stipulated to pay interest at the rate of ten per cent., interest must be computed accordingly.   *Orcutt* v. *Hough*, 54 N. H. 472 ; *Lawrence* v. *Bassett*, 5 Allen 140 ; 2 Par. Cont. 583.

But if this be held a New Hampshire contract, the parties, being in different states, may contract for a rate of interest lawful in either state, unless it is made to appear that the purpose is to evade the usury laws of this state.   No such design has been found by the referee, and is not to be inferred from the facts reported. *Townsend* v. *Riley*, 46 N. H. 300, 312 ; 3 Par. Cont. 114.

A note is not payment of a preëxisting debt, unless expressly so agreed.   *Ladd* v. *Wiggin*, 35 N. H. 421 ; *Clark* v. *Draper*, 19 N. H. 419 ; *Jaffrey* v. *Cornish*, 10 N. H. 505 ; *Wright* v. *Company*, 1 N. H. 281 ; *Elliot* v. *Sleeper*, 2 N. H. 525.   The note of May 20, 1870, was not a payment of the three notes dated in 1867 and 1868 ; nor was the note in suit a payment of the note of 1870, it not appearing that there was an agreement to that effect.   The defendants' promise to pay the excess above six per cent. upon the four prior notes cannot be enforced.   Interest should be computed on the notes of 1867 and 1868, at six per cent., to May 20, 1870, and the sum found due be substituted for the principal of the note of that date, upon which interest should be computed, at the rate of six per cent., to February 20, 1874, and the amount found due be substituted for the principal of the note in suit, upon which interest should be computed at the rate of ten per cent. per annum.

*Case discharged.*

CLARK, J., did not sit : the others concurred.